UNITED STATES of America, Appellee,

v.

James W. FRANTZE, Appellant.

No. 81–1003.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1981.

Decided July 30, 1981.

Rehearing and Rehearing En Banc Denied Sept. 9, 1981.

James R. Wyrsch, argued, Charles E. Atwell, Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, Mo., for appellant.

J. Whitfield Moody, U. S. Atty., Anita L. Mortimer, Asst. U. S. Atty., argued, Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

James W. Frantze appeals his jury conviction on two counts of knowingly and intentionally distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Frantze contends that the district court[1] erred 1) in failing to order the Government to reveal the street address of its informant; 2) in permitting the informant to testify; 3) in failing to instruct the jury on the lesser included offense of possession; 4) in denying his motion for judgment of acquittal on one count of distribution; 5) in failing to require the Government to offer an equal plea agreement; and 6) in denying his motion to dismiss the grand jury indictment. We affirm.

## I.  Background.

Frantze's conviction resulted from two cocaine sales in August and September 1979 to William Jack Mullinix, a DEA informant, and Danny Lee Reynolds, a Missouri police officer on loan to the DEA. On August 25, 1979, Mullinix phoned Larry Young to arrange the purchase of some cocaine. That evening Reynolds, Young, and Mullinix met with Frantze at Frantze's home in Kansas City, Missouri. After Mullinix expressed a desire to buy cocaine, Frantze responded that he had none for sale but would contact his friend "Billy." Frantze set up a meeting for later that evening at Trader Vic's, a Kansas City restaurant. At this meeting, Young and Mullinix discussed the price for one-half ounce of cocaine. Young then transferred the cocaine to Mullinix in Frantze's car. Although Frantze was present throughout the transaction, he refused to discuss the price[2] and indicated some reluctance about using his car for the transfer.

On September 14, 1979, Frantze, Mullinix, and Reynolds met at Gregory's Restaurant in Kansas City, Missouri, to arrange another cocaine sale. Later, in a hotel room, Frantze transferred three-fourths ounce of cocaine to Mullinix and Reynolds.

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. Frantze refused to answer questions about the price, stating "No, I am out of this. This is not my deal. This is Larry's."

On August 26, 1980, a grand jury returned a three-count indictment against Frantze: count I—a conspiracy between Frantze and Young to distribute cocaine; count II—an August 26, 1979 distribution of cocaine; and count III—a September 14, 1979 distribution of cocaine. At the close of trial, the court dismissed the conspiracy count. The jury returned a guilty verdict on both counts of distribution.

II. *Discussion.*

Appellant first contends that the trial court erred in denying Frantze's request for informant Mullinix's street address.[3] We reject this contention.

■ The district court in refusing Frantze's request for the informant's address, found that "responsible law enforcement authorities fear for the safety of the witness and he, himself, is concerned about his safety and the safety of his family." We conclude that the record supports such a finding.

■ Moreover, assuming the district court erred in denying the request, the record fails to show that the denial prejudiced Frantze. At the time of trial, Mullinix had resided at the address for only a month or two. The Government produced Mullinix for an interview and provided a detailed account of the witness' criminal background. The record demonstrates that this information permitted counsel to adequately cross-examine the witness.

Frantze next contends that the court erred in permitting Mullinix to testify because his testimony was tainted by a DEA promise to send a letter to Nashville authorities, describing his cooperation, after he testified at Frantze's trial. We reject this contention. The record shows that the DEA sent the letter prior to Mullinix's testimony. Thus, the agreement was completely executed prior to trial and could not affect Mullinix's testimony.

■ Frantze further argues that, as to count II, the court erred in refusing to instruct the jury on the lesser included offense of possession. The appellant asserts that, because the cocaine was distributed in Frantze's car, the jury could have found Frantze guilty of constructive possession, without finding that he participated in the August 26 distribution. The court rejected this argument, concluding that "[t]here was no rational basis on which the jury could find possession without also finding distribution." We agree. Constructive possession requires a showing that defendant knew of its presence and could exercise dominion and control over it. If the jury found that Frantze could exercise control over the cocaine, a finding that he participated in its distribution to Mullinix would necessarily follow.

■ Also, as to count II, Frantze challenges the sufficiency of the evidence. This argument lacks merit. Frantze told Reynolds and Mullinix that he could obtain the cocaine from "Billy" and then arranged the time and place for the transaction. The record clearly supports a finding that Frantze aided and abetted in the August 26 distribution of cocaine.

Appellant also claims that the prosecution abused its discretion by not offering him the same plea agreement as that offered Scott Bertram.[4] We agree with the district court that Frantze failed to show that the Government acted improperly in treating them differently.

■ Finally, the appellant asserts that the grand jury indictment should have been dismissed because the Government pre-

---

**3.** In a pretrial motion, Frantze specifically asked for the "whereabouts" of Mullinix. The Government refused to disclose his address, but offered to produce the witness for an interview and gave Frantze a detailed account of Mullinix's criminal record. The court agreed to this arrangement and Frantze's attorney interviewed Mullinix prior to trial. On Friday, at the close of Mullinix's direct examination, Frantze again requested disclosure of Mullinix's address. The court asked defense counsel if he would agree to receive the address under a protective order. Counsel reluctantly agreed to such an arrangement, expressing a fear that he would be under suspicion if something should happen to Mullinix. On the following Monday, the district court denied the request.

**4.** Bertram was present at Frantze's house during the August 25 meeting. The Government allowed Bertram to plead guilty to a reduced misdemeanor charge.

signed it. Although the Government's practice of presigning an indictment may be improper, such conduct alone does not warrant a reversal of the appellant's conviction. *See United States v. Levine*, 457 F.2d 1186, 1189 (10th Cir. 1972).

Accordingly, we affirm.