UNITED STATES, Appellee,

v.

Private (E-1) Donald H. DIXON, 294–68–8232, United States Army, Appellant.

CM 446218.

U.S. Army Court of Military Review.

4 Jan. 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Frank J. DiGiammarino, JAGC, and Captain Martin Healy, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Robert L. Swann, JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and COHEN, Appellate Military Judges.

OPINION OF THE COURT

RABY, Senior Judge:

Appellant was convicted in accordance with his pleas of one specification of larce-

ny, two specifications of robbery, one specification of aggravated assault, two specifications each of wrongful possession and wrongful distribution of hashish, one specification of wrongful communication of a threat, and one specification of violation of a lawful general regulation. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for six years. Pursuant to a pretrial agreement, the convening authority approved the sentence except for the period of confinement, which he reduced to a term of five years.

■ Appellant asserts, and the Government appropriately concedes, that Specifications 1 and 3 of Charge IV (wrongful possession of hashish) are multiplicious for findings with Specifications 2 and 4 of Charge IV (wrongful distribution of hashish), respectively. We agree. *United States v. Zubko*, 18 M.J. 378 (CMA 1984).

■ Appellant also asserts that Charge I and its Specification (larceny) and Specification 2 of Charge II (robbery) should have been consolidated. The facts pertinent to this issue are as follows. On 24 June 1984, appellant lured Private Christopher K. Mott to the basement of an unoccupied barracks. He then left Private Mott in the basement, returning shortly thereafter with two accomplices. Appellant pulled a switchblade knife from his pocket, opened the knife, and accused Private Mott of stealing $3000 worth of hashish. One of appellant's accomplices pulled a hunting knife from his pocket as the appellant questioned and slapped Private Mott. Appellant ordered Private Mott to remove his jacket, empty his pockets, and lie on the floor. Appellant then took $10 from Private Mott's billfold as well as the key ring that contained Private Mott's room and wall locker keys. Appellant then directed his two accomplices to "Keep [Private Mott in the basement], don't let him go anywhere," and immediately went to Private Mott's barracks room located in another building. Appellant opened Private Mott's wall locker and found no hashish; however,

he did find therein and steal $20 in U.S. coins that belonged to Private Mott.

Appellant returned to the basement where Private Mott was being detained and counted the stolen money in front of Private Mott. Appellant then stated that the money was not enough and repeatedly hit Private Mott. One of appellant's accomplices joined in the assault and held the hunting knife against Private Mott's throat, cutting Private Mott slightly on the neck. This vicious attack lasted for about twenty minutes, during which Private Mott was threatened and repeatedly hit and kicked. At one point appellant openly discussed how he was going to kill Private Mott, although he did eventually release his victim. Private Mott was severely beaten in the facial area and, although he did not receive permanent injury, he was hospitalized for two weeks after the beating.

It is clear from the above facts that the robbery (Specification 2 of Charge II) and the larceny (the Specification of Charge I) were the products of a common intent. Specifically, the crimes were committed because appellant desired either to recover his stolen drugs or to obtain money in compensation for his loss. Moreover, it appears on the facts of this case that the two offenses were committed during the course of one continuous transaction. Thus, the offenses were multiplicious for sentencing purposes. However, we find that these two offenses are not multiplicious for findings. *Cf. United States v. Cagle*, 12 M.J. 736 (AFCMR 1981), *pet. denied*, 13 M.J. 120 (CMA 1982). In so deciding, we find as fact that the situs of the robbery and the situs of the larceny were separate and distinct. We further find that enough time elapsed between the two unlawful takings that the appellant could have abandoned his criminal course of conduct. Accordingly, we find that the government had a legitimate basis for separately charging the two takings even though they may have been part of one continuous transaction.

■ Appellant further asserts that Charge III and its Specification (aggrava-

ted assault) are multiplicious for findings with Specification 2 of Charge II (robbery). We find as fact that the aggravated assault alleged in the Specification of Charge III occurred after the completion of the robbery alleged in Specification 2 of Charge II and that this force and violence was separate and distinct from the force and violence used to accomplish the robbery. We conclude that the offense of robbery was motivated by appellant's intent either to find his stolen drugs or to obtain money from the victim to offset his loss, but that the offense of aggravated assault was motivated by appellant's subsequent sadistic and vacillating desires to injure or kill the victim as an act of revenge. We further find that the two offenses involve separate societal norms and different elements of proof and that the evidence dispositive of one charge would not automatically establish all the essential elements of the other. In summary, we decline to treat as multiplicious for findings the brutal 20-minute beating of the victim following a completed robbery which occurred during an unsuccessful attempt to recover stolen contraband.

In view of the error noted above, the findings of guilty of Specifications 1 and 3 of Charge IV are set aside and these specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence consistent with our finding that the Specification of Charge I and Specification 2 of Charge II are multiplicious for sentencing, we find that the sentence is not inappropriate for the offenses of which appellant has been convicted. The sentence is affirmed.

In considering the issue of sentence appropriateness, we have considered all matters of record in extenuation, mitigation, and aggravation, specifically including the physical pain and obvious fear suffered by the aggravated assault victim, Private Mott.

Chief Judge SUTER and Judge COHEN concur.