UNITED STATES, Appellee

v.

**Christopher L. SPEER, Sergeant
U.S. Army, Appellant.**

No. 93–0886.
CMR No. 9101380.

U.S. Court of Military Appeals.

Argued April 6, 1994.

Decided Sept. 15, 1994.

For Appellant: *Major Robin L. Hall* (argued); *Colonel Stephen D. Smith and Captain Michael Huber* (on brief); *Colonel Malcolm H. Squires, Jr., and Lieutenant Colonel James H. Weise.*

For Appellee: *Captain Kenneth G. Wilson* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Major Joseph C. Swetnam* (on brief); *Major Donna L. Barlett and Captain John P. Saunders.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During May and June of 1991, appellant was tried by a military judge sitting alone as a general court-martial at Fort Hood, Texas. Consistent with his pleas, he was found guilty of failure to go (2 specifications), wrongful use of cocaine, and wrongful possession of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a, respectively.

Contrary to his pleas, he was also found guilty of distribution of cocaine and another failure to go, in violation of Articles 112a and 86. Appellant was sentenced to a dishonorable discharge, confinement for 1 year and 1 day, total forfeitures, and reduction in rank to Private E1. On October 17, 1991, the convening authority approved the sentence.

On December 18, 1992, the Court of Military Review in an unpublished opinion set aside the distribution-of-cocaine specification because of insufficiency of proof. It also reduced the sentence by approving only a bad-conduct discharge, 9 months' confinement, and the originally imposed lesser punishments. Later, on March 1, 1993, the court, after granting the Government's petition for reconsideration on February 3, 1993, reversed its decision, and affirmed the findings and sentence as adjudged by the court-martial. 36 MJ 997.

On August 5, 1993, this Court granted review of the following issue:

> WHETHER THE EVIDENCE ADDUCED AT TRIAL IS INSUFFICIENT TO SUPPORT THE FINDING OF GUILTY OF DISTRIBUTION OF COCAINE WHERE THE GOVERNMENT AGENT AND A THIRD PARTY CONDUCTED THE ENTIRE TRANSFER OF DRUGS, MONEY WAS GIVEN TO APPELLANT BY THE BUYER AFTER THE TRANSFER OF DRUGS, THERE WAS ABSOLUTELY NO PARTICIPATION BY APPELLANT IN THE TRANSACTION BEFORE THAT POINT, AND APPELLANT GAVE NO INDICATION THAT HE WAS AWARE OF OR DESIRED TO PARTICIPATE IN A DRUG TRANSACTION BEFORE, DURING, OR AFTER RECEIPT OF THE MONEY.

We hold that the evidence of record is sufficient to support appellant's conviction as an aider and abettor of the distribution of drugs. *United States v. Pritchett*, 31 MJ 213 (CMA 1990); *United States v. Coady*, 809 F.2d 119 (1st Cir.1987). *See also United States v. Brunty*, 701 F.2d 1375, 1380–81 (11th Cir.), *cert. denied*, 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983).

The following facts are set forth by the Court of Military Review in its opinion:

On 5 February 1991, a member of the local military police drug suppression team telephoned Mrs. C, a known drug dealer, at her off-post home and requested to buy sixty dollars worth of cocaine. She told him to wait forty-five minutes and then come to her house. The police agent did as instructed. When he arrived at Mrs. C's house, she met him at the door, showed him into the living room, and instructed him to sit down. The appellant was present in her living room. In the appellant's presence, the agent again asked Mrs. C if he could buy sixty dollars worth of cocaine. The appellant, who was sitting on a couch a few feet away watching television, did not participate in this discussion. Mrs. C went into her kitchen to get the cocaine. While she was gone, the appellant provided the agent with a beer and made "small talk" about the Army. Mrs. C returned shortly with the cocaine and handed it to the undercover agent. She then returned to the kitchen. The agent ostensibly fumbled in his pocket for the sixty dollars, but in reality he was also activating a silent alarm alerting waiting agents that the transaction was completed. Because Mrs. C had returned to the kitchen, the agent handed the money to the appellant. The appellant accepted the money and, as he was counting it, the appellant verified that sixty dollars was the correct amount by yelling to Mrs. C in the kitchen. The appellant placed the money in his shirt pocket. After more "small talk," the agent started to leave the house. As the agent was departing, the police, alerted by the silent alarm, raided the house and apprehended the occupants.

At trial, the government presented the testimony of the police agent, who described the events, above. When closely questioned by the military judge why he handed the money to the appellant, the agent replied "Because he was there," and "to complete the transaction." The agent also stated that he had no reason to believe that the appellant was involved in the

transaction. The agent also testified that the appellant had been present, but did not participate, in one of three prior drug purchases he had made from Mrs. C at her house. (R. 71–113)

36 MJ at 999.

— — —

The granted issue initially asks whether the evidence admitted in this case was insufficient to show appellant's guilt of distribution of cocaine, in violation of Article 112a. *See generally Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Appellant, in that granted issue, further asserts that the evidence in this case proved certain facts which fail to constitute appellant as an aider and abettor of the above crime within the meaning of Article 77, UCMJ, 10 USC § 877. We disagree with appellant's assertions concerning the facts which could have been found based on the evidence in this case. Moreover, we conclude, as did the Court of Military Review, that the evidence in this case established facts legally sufficient to constitute appellant as an aider and abettor of the distribution of cocaine. *See United States v. Pritchett,* 31 MJ 213 (CMA 1990).

■ The principles of law necessary to decide a sufficiency-of-evidence question in the context of a prosecution theory of aiding and abetting were fully discussed in *United States v. Pritchett, supra.* Our standard of review is whether some legal and competent evidence was introduced at trial from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction. 31 MJ at 216, *citing United States v. Harper,* 22 MJ 157, 161 (CMA 1986). The critical question in this case is

what facts were required to find appellant guilty of the crime of drug distribution under Article 112a, as an aider and abettor.

■ Appellant asserts that distribution under this statute means transfer of possession of drugs, and any evidence of post-transfer conduct on his part does not constitute him as an aider and abettor. *See generally Roberts v. United States,* 416 F.2d 1216, 1221 (5th Cir.1969). The Government argues that distribution within the meaning of this statute includes sale, and evidence of conduct after the transfer but prior to completion of the sale may be considered on the question of aiding and abetting. *See United States v. Coady,* 809 F.2d at 124. We agree with the Government.

■ As a starting point, we note that Article 112a states:

Any person subject to this chapter who wrongfully uses, possesses, manufactures, *distributes,* imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.

(Emphasis added.) The word "distributes" is not defined in the Uniform Code of Military Justice,[1] but we have construed this term to mean "to deliver to the possession of another." *United States v. Ratleff,* 34 MJ 80, 81 (CMA 1992). *Cf. United States v. Brunty,* 701 F.2d at 1380–81 (distribute under 21 USC § 841(a) and 802(8) and (11) not limited to transfers of possession of controlled substances).[2] We further hold that distrib-

---

1. The legislative history of Article 112a, Uniform Code of Military Justice, 10 USC § 912a, indicates its heavy reliance on Executive Order No. 12383, 47 Fed.Reg. 42317 (Sept. 23, 1982), on drugs in the military. *See* para. 213g, Manual for Courts–Martial, United States, 1969 (Revised edition) (Change 7) (Apr. 15, 1983), and the Controlled Substances Act–21 USC §§ 801 *et seq.; United States v. Reichenbach,* 29 MJ 128 (CMA 1989); Military Justice Act, Pub.L. No. 98–209, § 8(a), 97 Stat. 1403 (1983); *see* S.Rep. No. 53, 98th Cong., 1st Sess. 29 (1983), and H.R.Rep. No. 549, 98th Cong., 1st Sess. 21 (1983), *reprinted in* 1983 U.S.Code Cong. & Admin.News 2177, 2187.

2. For purposes of 21 USC § 841(a), "distribute" is defined as:

    (11) The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term "distributor" means a person who so delivers a controlled substance or a listed chemical.

21 USC § 802(11). "Deliver" in turn is defined as:

    (8) The terms "deliver" or "delivery" mean the actual, constructive, or attempted transfer of a controlled substance or a listed chemical,

ute in our statute is a broad enough term to include the transfer of possession of drugs for money.[3] *Id.* *See* Drafters' Analysis of para. 37c(3), Part IV, Manual for Courts–Martial, United States, 1984, at A21–95.

■ Assuming arguendo that distribution should not be construed so broadly, appellant cannot succeed on his argument that post-drug transfer conduct cannot constitute him as an aider and abettor to a drug-distribution offense. Article 77 provides:

§ 877. Art. 77. Principals

Any person punishable under this chapter who—

(1) commits an offense punishable by this chapter, or aids, abets, counsels, commands, or procures its commission; or

(2) causes an act to be done which if directly performed by him would be punishable by this chapter;

is a principal.

This statute is similar to the Federal civilian aiding-and-abetting statute—18 USC § 2. *See United States v. Raper,* 676 F.2d 841, 848–49 (D.C.Cir.1982). Moreover, numerous Federal Courts of Appeals have applied this type of statute to post-delivery conduct, including the receipt of money, for the purpose of determining aiding and abetting drug distribution in violation of 21 USC § 841. *United States v. Perez,* 922 F.2d 782, 786 (11th Cir.), *cert. denied,* 501 U.S. 1223, 111 S.Ct. 2840, 115 L.Ed.2d 1009 (1991); *United States v. Coady, supra* at 124–25; *United States v.*

*Orozco–Prada,* 732 F.2d 1076, 1080 (2d Cir. 1984), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 155, 83 L.Ed.2d 92 (1984); *United States v. Raper, supra* at 848–49; *United States v. Jackson,* 526 F.2d 1236, 1238 (5th Cir.1976). *See generally United States v. Ledezma,* 26 F.3d 636 (6th Cir.1994). We agree with the "criminal venture" approach to the crime of aiding and abetting. *See United States v. Pritchett,* 31 MJ at 218 and 217.

■ The next question we will address is the propriety of appellant's contentions as to the facts that could have been proven by the evidence in this case. As noted in *Pritchett,* in assessing the evidence of record for this purpose all inferences and credibility determinations must be drawn in favor of the prosecution. *Id.* at 216. Appellant initially contends that the evidence in his case shows that a "government agent and a third party conducted the entire transfer of drugs." As noted above "transfer" is not the critical fact in terms of aiding and abetting a distribution which involves a sale. Moreover, evidence was admitted that appellant was present during this drug sale, received the funds from the buyer, and verified the correct amount due with the seller. Clearly, this was evidence showing appellant's participation in this drug venture. Appellant also contends as fact that he "gave no indication that he was aware of or desired to participate in a drug transaction before, during, or after re-

---

whether or not there exists an agency relationship.

21 USC § 802(8).

Paragraph 213*g*(3), Manual for Courts–Martial, United States, 1969 (Revised edition) (Change 7) defines "distribute" as:

(3) *Distribute.* "Distribute" means to deliver to the possession of another. "Deliver" means the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship.

*See also United States v. Zubko,* 18 MJ 378, 385–86 (CMA 1984). The presence of the language "to the possession of another" was critical for this Court in determining that possession was a lesser-included offense of distribution as a matter of military law. *Id.* at 385. *See also United States v. Brunty,* 701 F.2d 1375, 1380–81 (11th Cir.), *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983).

**3.** Federal civilian courts have generally followed *Brunty* in broadly interpreting "distribution" in 21 USC § 841(a)(1) to include not only the transfer of possession but also acts perpetrated in furtherance of a transfer or sale, "such as arranging or supervising the delivery, or negotiating for or receiving the purchase price." 701 F.2d at 1381, *cited in United States v. Pungitore,* 910 F.2d 1084, 1133 (3d Cir.1990); *United States v. Luster,* 896 F.2d 1122, 1127 (8th Cir.1990); *United States v. Howard,* 895 F.2d 722, 724 (11th Cir.), *cert. denied,* 497 U.S. 1030, 110 S.Ct. 3286, 111 L.Ed.2d 794 (1990); *United States v. Lechuga,* 888 F.2d 1472, 1478 (5th Cir.1989); *United States v. Medina–Ramos,* 834 F.2d 874, 878 n. 2 (10th Cir.1987); *United States v. Crockett,* 813 F.2d 1310, 1316 (4th Cir.), *cert. denied,* 484 U.S. 834, 108 S.Ct. 112, 98 L.Ed.2d 71 (1987). *Cf. United States v. Aquilla,* 976 F.2d 1044, 1048 (7th Cir.1992).

ceipt of the money." We conclude that the evidence of record construed in the prosecution's favor supports a contrary finding of fact.

The final question we will address in this case is whether the evidence, as a whole, was sufficient to prove beyond a reasonable doubt facts necessary to constitute appellant as an aider and abettor. *See United States v. Pritchett*, 31 MJ at 217. In order to convict a person under an aiding-and-abetting theory, the Government must introduce evidence that the defendant somehow associated himself with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed. *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949), *citing United States v. Peoni*, 100 F.2d 401, 402 (2d Cir.1938). The question in this case is whether appellant, knowing of the criminal drug-sale venture, affirmatively participated in it in a manner intended to facilitate commission of that crime. *See, e.g., United States v. Monroe*, 990 F.2d 1370, 1374 (D.C.Cir.1993); *United States v. Hernandez*, 986 F.2d 234, 238 (8th Cir.1993).

In the instant case, the evidence of record supports a finding that appellant knew that Mrs. C and the agent were engaging in a drug transaction. The agent testified about his statement concerning buying the drugs, that these statements were made in appellant's presence, and that appellant was present at a previous drug transaction between Mrs. C and the agent. *Cf. United States v. Luster*, 896 F.2d 1122, 1127–28 (8th Cir.1990) (where knowledge that the package defendant was sent to pick up contained drugs was inferred from her not asking what the "it" was that she was directed to go pick up, from the fact that she had been to the supplier's house before, and from the amount of money exchanged); *United States v. Meyer*, 803 F.2d 246, 248 (6th Cir.1986) (where knowledge of the drug transaction was inferred from the agent's testimony regarding the understanding that the individuals in the car were to receive the money, defendant's presence in the car, and his asking if the money was all there as the agent approached), *cert.*

*denied*, 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 770 (1987).

Appellant's intent to facilitate the sale was also evidenced by the agent's testimony concerning appellant's acceptance of the sale proceeds and verification of the purchase price. Moreover, no evidence was presented that he protested this transaction or that he refused to take the money. *United States v. Valencia*, 907 F.2d 671, 677 (7th Cir.1990) (intent inferred from defendant's activities in constructing large hiding place in garage concrete floor, facilitating his boss' possession of cocaine with intent to distribute and being present when undercover agent told of its purpose); *United States v. Luster, supra*. Finally, the agent's testimony as to appellant's action of accepting the money from the buyer and verifying its correctness with the seller also constituted action which assisted Mrs. C to complete her distribution of cocaine. *United States v. Pritchett*, 31 MJ at 219. *See United States v. Esparsen*, 930 F.2d 1461, 1470 (10th Cir.1991), *citing United States v. Taylor*, 612 F.2d 1272, 1275 (10th Cir.) (participation of relatively slight moment sufficient to constitute aiding and abetting), *cert. denied* in *Esparsen*, —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992), and in *Taylor*, 444 U.S. 1092, 100 S.Ct. 1060, 62 L.Ed.2d 782 (1980).

Finally, we note the recent decision of the Sixth Circuit in *United States v. Ledezma*, 26 F.3d 636 (1994). It does not conflict with our decision in this case. There, the defendant Zajac's conviction for aiding and abetting the crime of possession of cocaine with intent to distribute in violation of 21 USC § 841(a)(1) and 18 USC § 2 was set aside. The Court held that possession of cocaine by the other members of the conspiracy had occurred long before Zajac had joined the conspiracy. Moreover, it held that his delivery payment for the truck carrying the cocaine had occurred after the police had seized the cocaine, arrested the other conspirators, and set up a sting. In other words, the crime which Zajac had allegedly aided and abetted—possession with intent to distribute— was already completed at the time he allegedly assisted or encouraged its commission.

*See Roberts v. United States,* 416 F.2d at 1221.

Appellant's case is different. He was charged with aiding and abetting wrongful distribution of cocaine. The prosecution introduced evidence that Mrs. C. transferred cocaine to a government agent for $60.00. It also introduced evidence that the transfer was accomplished in appellant's presence and that he then accepted the cash payment from the buyer and ascertained the seller's approval of its correctness. In our view, the crime of distribution of cocaine, in violation of Article 112a, was "on-going" at the time of appellant's evidenced conduct, and his evidenced action was intended to facilitate "the financial climax of the deal." *See United States v. Coady,* 809 F.2d at 124. In this light, we perceive no conflict with *Ledezma* or *Roberts.*

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE and WISS concur.