**UNITED STATES, Appellee,**

v.

**Staff Sergeant Richard V. ALLEN, 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, United States Army, Appellant.**

**CM 446768.**

U.S. Army Court of Military Review.

31 March 1986.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Harry L. Williams, Jr., JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, Major Robert L. Swann, JAGC, Captain Tarek Sawi, JAGC (on brief).

Before O'ROARK, WATKINS and LYMBURNER, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

PER CURIAM:

This case is before the Court for reconsideration under Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 (1982), the Court having considered appellee's petition for reconsideration and appellant's opposition thereto, and having determined that the former should be granted.[1]

Pursuant to his pleas, appellant was convicted of possessing with intent to distribute 265 grams of marijuana. The military

---

1. This opinion is a reconsideration of the Opinion of the Court issued in this case on 17 January 1986. Another Opinion of the Court on Reconsideration, issued 14 February 1986, was withdrawn by Order of this Court on 25 February 1986, so as to afford appellant the opportunity to oppose appellee's Motion for Reconsideration filed 29 January 1986.

judge sentenced him to a bad-conduct discharge, confinement for two years and six months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority reduced the period of confinement to two years but otherwise approved the sentence.

## I. Factual Background

The providence inquiry reveals that appellant and an acquaintance, Specialist Four Vanier, were playing pool in a Frankfurt pool hall when they were approached by several foreign nationals offering to sell them hashish. Vanier appeared to appellant to be negotiating with the men. Appellant heard Vanier say "2000 marks is cool," and then appellant, Vanier, and one of the men left the pool hall. They drove to another location, where they picked up another man, and drove to a place near the local train station. The men walked to the train platform, where they met a third foreign national. Vanier began to negotiate with this person, who showed him a large plate of hashish. Negotiations were terminated for a brief period, during which time appellant and one of the foreign nationals were separated from, and out of sight of, the others. That man then demanded of the appellant 300 marks. Appellant paid the money because, as he stated at trial, he "was ready to go" and did not want to "make waves." Appellant and the other man then returned to the group where negotiations were still in progress. Appellant saw Vanier give one of the men 1500 marks, and another foreign national tried to hand the plate of hashish to appellant. After initially protesting that it belonged to Vanier, appellant accepted the hashish and put it in his pocket. He also accepted four "sticks" of hashish from one of the men. Both appellant and Vanier were apprehended by German police after a brief chase, during which appellant discarded what he subsequently described as "Vanier's hash." The large plate of hashish, which weighed about 250 grams, was never found, but the four sticks, which weighed 15.77 grams, were recovered.

## II. Providence of Guilty Plea

■ Appellant contends that his plea of guilty to possession with intent to distribute was improvident because there was insufficient factual basis to support the specific intent element of proof. We disagree. The comprehensive stipulation of fact in this case establishes that appellant intended to distribute the marijuana to Vanier. Additionally, appellant specifically admitted that the elements of proof, as explained by the military judge, accurately described his misconduct. Finally, in the following colloquy with the military judge, appellant reiterated that he did in fact possess the requisite intent to distribute:

MJ: Are you pleading guilty voluntarily and of your own free will?

ACCUSED: I'm pleading guilty, sir, because I did possess it, I did intend to distribute it back to Vanier, so, therefore I know I'm guilty of that, so that's what I am pleading guilty for, sir.

## III. Distribution to a Joint Possessor

■ Appellant also contends that his conviction of wrongful possession with intent to distribute cannot stand because the intended distribution was to a joint possessor. In support of this argument, appellant cites *United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977). That case held that when two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse, i.e., simple joint possession without any intent to distribute the drug further. Our concern in appellant's case is whether the providence inquiry was adequate to enable the military judge to determine whether a *Swiderski*-type exception to the general rule of criminal responsibility of a drug distributor might be applicable under the particular facts of this case. The *Swiderski* exception is a narrow and fact-specific one which does not appear to have been successfully interposed in any other reported opinion.[2] While the incorporation into

2. *See United States v. Rush*, 738 F.2d 497, 514 (1st Cir.1984); *United States v. Taylor*, 683 F.2d

military law of a *Swiderski*-type exception may well be appropriate in the right case, the facts of this case clearly rule out such a development in this particular instance. Appellant maintained consistently that he was only a reluctant and transitory link between the major participants in the drug transaction. He tried to avoid going with the men to the train station and accepting the hashish from one of the foreign nationals, protesting that it was Vanier's. He ultimately took possession of the hashish only when Vanier said, "No, man, it's cool." In describing his 300-mark payment to one of the seller's companions, appellant did not characterize it as a contribution to the purchase price but rather as an expedient by which he was able to extricate himself from a threatening situation. Appellant claimed that he was unfamiliar with hashish, and he never suggested that this large quantity of the drug, conservatively stipulated by the parties as 265 user units, was purchased for personal consumption by himself and Vanier. Appellant's statements at trial paint him more as a receiving agent for the vendee Vanier than as an actual co-purchaser whose rights to possess and consume the hashish were equivalent to those of Vanier. The *Swiderski* exception does not, by its terms, protect an agent who, by performing services for his principal, lengthens the chain of distribution of drugs. *United States v. Swiderski,* 548 F.2d at 451. Under these circumstances, we conclude that the evidence of record does not fairly place in issue the possible application of the *Swiderski* exception. Accordingly, the trial judge was under no duty to inquire further into the matter.

### IV. Credit for Pretrial Restraint

■ Appellant also contends that he is entitled to administrative credit against his sentence to confinement for ten days spent under pretrial restriction tantamount to confinement. We disagree. *See Wiggins v. Greenwald,* 20 M.J. 823 (A.C.M.R.), *writ-appeal denied,* 20 M.J. 196 (C.M.A.1985); *Washington v. Greenwald,* 20 M.J. 699 (A.C.M.R.), *writ-appeal denied,* 20 M.J. 324 (C.M.A.1985), *reaffirmed sub. nom. United States v. Washington,* CM 446797 (A.C.M.R. 3 July 1985) (unpub.).

The decision of this Court in this case dated 17 January 1986 is withdrawn. The findings of guilty and the sentence are affirmed.

18, 21 (1st Cir.1982); *United States v. Wright,* 593 F.2d 105, 108 (9th Cir.1979); *United States v. Owens,* 607 F.Supp. 140, 142 (D.C.Okla.1983); *State v. Toppan,* 425 A.2d 1336, 1340 n. 6 (Me. 1981); *People v. Lytal,* 96 Mich.App. 140, 292 N.W.2d 498, 508 (1980).