UNITED STATES, Appellee,

v.

Private E1 Luke VISER, Jr., 457–35–9850, United States Army, Appellant.

ACMR 8800871.

U.S. Army Court of Military Review.

25 Oct. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before FELDER, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of one specification of absence without leave, five specifications of wrongful use of cocaine, two specifications of wrongful distribution of cocaine, and three specifications each of housebreaking and larceny, in violation of Articles 86, 112a, 130, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, 930, and 921 (1984 Supp.), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for two years, forfeiture of $300.00 pay per month for two years,[1] and a fine of $2,000.00.

The appellant contends that his guilty pleas to wrongful distribution of cocaine are improvident. Specifically, he contends that the military judge should have examined him on the "Swiderski defense," in view of his testimony and the stipulation of fact introduced pursuant to his plea. We disagree and affirm.

The appellant and another soldier pooled $20.00 each to buy cocaine and drove together in the appellant's vehicle to the home of a cocaine distributor. The appellant went alone into the house where he purchased cocaine. He then left the house with the cocaine, returned to the automobile, put his friend's part of the purchased drugs in a separate container, and gave these drugs to him. Then each smoked his cocaine in the vehicle. This sequence of events was repeated fifteen days later.

These transactions were the basis for the alleged wrongful distributions in this case.

Regarding whether one who intends to use drugs with another can be convicted of possession with intent to distribute drugs to that person, the United States Court of Appeals for the Second Circuit held that when two persons simultaneously acquire controlled drugs to use them together, they have only simply possessed the drugs. *United States v. Swiderski*, 548 F.2d 445, 449 (2d Cir.1977). The Court of Military Appeals and Court of Military Review have not reviewed the *Swiderski* fact pattern yet, but have distinguished that holding from situations where an agent obtains drugs for his principal and intends to lengthen the chain of distribution. In this latter situation, constructive possession in the principal, defeating the possibility of distribution to him, has consistently been rejected. *See United States v. Tuero*, 26 M.J. 106, 107–08 (C.M.A.1988) (more than user amounts involved); *United States v. Hill*, 25 M.J. 411, 414 (C.M.A.1988) (accused associated himself with the seller); and *United States v. Allen*, 22 M.J. 512, 514 (A.C.M.R.1986) (joint use not apparent), *petition denied*, 24 M.J. 201 (C.M.A.1987).

Here though, the appellant argues for a new application of constructive possession. He contends that when the appellant obtained the drugs for their *joint use* only, he and his principal came into possession simultaneously. This argument would establish a Wharton's Rule for "joint" drug users: as two parties are logically necessary for joint use, and one of them must acquire possession so they can use it together, the law should not recognize as criminal the distribution between the two. *Cf. United States v. Crocker*, 18 M.J. 33, 37 (C.M.A.1984).

■ We reject this argument because, first, it would misapply "distribution." "Distribution" requires "delivery," which means an actual or constructive transfer of an item, notwithstanding an agency rela-

---

1. The partial forfeitures should have been expressed and approved in terms of months. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 1003(b)(2). We will correct the error.

tionship. M.C.M., 1984, Part IV, para. 37c (3). "Constructive possession," just as "constructive transfer," requires knowledge of the presence of an item *and* the ability to exercise control regarding disposition of the drug. *See United States v. Gougis,* 374 F.2d 758, 764 (7th Cir.1967) (middleman had dominion and control of drugs, and thereby could *transfer* them to the source who supplied the funds). Explicated further, "[p]hysical custody by an employee or agent whom one dominates, or whose actions one can control, is sufficient to constitute ... constructive possession by the principal." *United States v. Leitl,* 49 C.M.R. 480, 482 (C.G.C.M.R.1974), *quoting from United States v. Hernandez,* 290 F.2d 86, 87 (2d Cir.1961).

Moreover, M.C.M., 1984, Part IV, paragraph 37c(3), precludes agency from defeating conviction for distribution between agent and principal and provides no exception for delivery to the possession of co-conspirators. Accordingly, we find that appellant's cohort did not constructively possess the cocaine simply because he pooled resources with the appellant and both agreed to consume cocaine in appellant's car. He waited in the car and did not exercise control over the cocaine until appellant physically delivered it to him. *See United States v. Tuero,* 26 M.J. at 108; *United States v. Zubko,* 18 M.J. 378, 385 (C.M.A.1984) (transfer as exercise of power and control); *United States v. Crocker,* 18 M.J. at 40 (distribution between co-conspirators punishable). *Accord United States v. Pool,* 660 F.2d 547, 561 (5th Cir.1981).

■ We find further that to defeat treating as criminal the agent's intent to distribute the drugs to the principal, the principal's control over the agent must amount to duress. *Cf.* R.C.M. 916(h). If an accused, or other evidence, raises duress as described in *Hernandez,* then "the control" of the agent by the principal could suffice to create a constructive possession in the waiting principal that would preclude the agent's criminal liability for the distribution to him. If there is no duress, possession of the drug by the agent before delivery to the principal is simply possession by that agent with intent to deliver.

Even more fundamentally, courts decline to apply civilly enforced rights of ownership or possession to illegal agreements. *See, e.g., States v. Toppan,* 425 A.2d 1336, 1339 (Me.1981) (conviction for transfer of marijuana upheld where accused gave part of marijuana harvested from his land to friends who helped plant and cultivate it). That court looked to the "transfer" of "practical" or "factual" control. We read the governing description in the M.C.M., 1984 similarly, that is, "possession" and "transfer" refer to actual physical control or domination of the substance or its purveyors. Likewise, *Swiderski* explicitly rejects protection of an agent who procures drugs for any principal not present when the agent takes possession of the drugs. Distribution of the controlled drug is recognized and punishable as such because it extends the chain of distribution to another possible user. *United States v. Swiderski,* 548 F.2d at 451; *see United States v. Hill,* 25 M.J. at 413, and *United States v. Allen,* 22 M.J. at 514.

In sum, we will not recognize any control to have shifted from the agent who actually obtains the drugs to the intended joint user merely because of a preexisting agreement between the parties, unless a defense of duress is raised and not disproven. Thus, possession with intent to deliver to anyone and that subsequent delivery to the intended joint user, without duress, are properly the subject of prosecution. Because the appellant did not raise an issue of duress during the providence inquiry, the military judge had no duty to inquire further. *See United States v. Clark,* 26 M.J. 589, 593 (A.C.M.R.1988).

We have considered the issues raised personally by the appellant and they are without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for two years, forfeiture of

$300.00 per month for twenty-four months, and a fine of $2,000.00.

Senior Judge FELDER and Judge GIUNTINI concur.