**80**

**UNITED STATES, Appellee,**

v.

**Thomas R. RATLEFF, Private First Class U.S. Army, Appellant.**

No. 66,096.

CM 9000300.

U.S. Court of Military Appeals.

Argued Nov. 12, 1991.

Decided Feb. 21, 1992.

For Appellant: *Captain Emmett G. Wells* (argued); *Colonel Robert B. Kirby* and *Captain James M. Heaton* (on brief); *Captain Brian D. Bailey* and *Captain Lauren B. Leeker.*

For Appellee: *Captain Kenneth T. Grant* (argued); *Colonel Alfred F. Arquilla* and *Major Thomas E. Booth* (on brief); *Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy J. Saviano, Captain Marcus A. Brinks.*

*Opinion of the Court*

COX, Judge:

Appellant was tried at Garlstedt, Federal Republic of Germany, by a military judge sitting as a special court-martial. Pursuant to his pleas, he was convicted of three specifications of distributing marijuana and one specification of using marijuana (in the hashish form), in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $482.00 pay per month for 4 months, and reduction to E–1.

The convening authority approved the adjudged sentence, and the Court of Military Review affirmed the findings and sentence in a short-form decision dated October 17, 1990.

This Court granted appellant's petition for review of the following issue:

WHETHER THE MILITARY JUDGE SHOULD HAVE DISMISSED A DRUG–DISTRIBUTION SPECIFICATION BECAUSE CONGRESS NEVER INTENDED TO MAKE APPELLANT'S TRANSFER OF THE DRUG A CRIMINAL DISTRIBUTION UNDER UCMJ ART. 112a.

After oral argument and a review of the appellate briefs, we decide that dismissal of the drug-distribution specification (4 of the Charge) is not warranted.

The facts of the case are not in dispute. The relevant portion of the stipulation of fact agreed to by both parties reads as follows:

6. The accused used marijuana in the hashish form, on 18 December 1989, with PFC Jaundoo in the accused's room. The accused had accompanied PFC Jaundoo

to the mess hall, where PFC Jaundoo had hidden a can with hashish in it. PFC Jaundoo extracted the can, then he and the accused went back to the accused's room. The accused ripped the can open, extracted the hashish, and gave it to PFC Jaundoo. The accused and PFC Jaundoo then smoked the hashish. The hashish was smoked by poking holes in a soft drink can, setting the hashish in an indentation made in the can, lighting the substance, and inhaling the resulting smoke into the lungs.

These facts formed the basis for specification 3, alleging use, and specification 4, alleging distribution, of hashish.

We note at the outset that appellant pleaded guilty to all four specifications alleging either use or distribution of marijuana in the hashish form. Our inquiry focuses on specification 4, alleging distribution.

At trial, the military judge questioned whether appellant's mere action of passing the hashish to Private First Class Jaundoo constituted distribution within the meaning of Article 112a. A discussion ensued with both counsel, after which the military judge ruled:

MJ: Well, that now—Well, there's a difference we've got to make between when we have the crime of distribution and how aggravated it is for purposes of sentencing.

DC: Yes, sir.

MJ: I'll say this. I'll put this on the record, and, of course, I don't know what all the facts are and I won't know until I go through the entire providence inquiry, but if the facts are as stated in the stipulation, and if they're not close we've got other problems, but I'll consider this as a distribution but the punishment will be based on the fact of use—of a use with another soldier as opposed to a distribution to another soldier. Do you understand—

DC: Yes, sir.

MJ: Do you have any problem—

DC: No, sir.

MJ: With that?

DC: No, sir, I don't have any problem with that.

MJ: In other words, the fact that there was a distribution will be given no particular—The fact that the crime of distribution occurs will be given no particular weight. It will be considered by me on sentencing as a use with another soldier.

The military judge then addressed the providence of appellant's pleas. Regarding specification 4, the military judge reviewed all the elements of the offense, and appellant reasserted his guilt. The military judge then addressed the issue of distribution under specification 4 and its relation to specification 3 to determine if they were multiplicious for sentencing:

MJ: Now, I'm going to consider the incidents of the 18th of December to be multiplicious for sentencing purposes, and even though I consider it to be a technical distribution, I'm really considering it as an aggravated use. That is, a use with another soldier as opposed to a distribution to another soldier. And, really, for purposes of sentencing I consider the facts as opposed to the actual conviction of a particular crime.

The military judge subsequently held appellant's guilty pleas provident and found him guilty.

Appellant asserts the facts do not support a conviction under specification 4. We disagree. Article 112a requires the Government to prove: "(a) That the accused distributed a certain amount of a controlled substance; and (b) That the distribution ... was wrongful." Para. 37b(3)(a) and (b), Part IV, Manual for Courts-Martial, United States, 1984. Distribution has been explained as meaning "to deliver to the possession of another." Para. 37c(3). *See United States v. Zubko*, 18 MJ 378, 385–86 (CMA 1984). In this case the military judge held that, as far as specification 4 was concerned, appellant was guilty of distributing hashish.

From our review of the undisputed record, appellant took possession of the hashish while it was in its container, ripped

open the container, retrieved the hashish, and handed it to Private First Class Jaundoo. Given this set of facts, appellant, by passing the hashish to Private First Class Jaundoo, is guilty of distribution. Para. 37c(3); *see United States v. Tuero*, 26 MJ 106 (CMA 1988); *United States v. Herring*, 31 MJ 637 (NMCMR 1990); *United States v. Figueroa*, 28 MJ 570 (NMCMR 1989); *see also United States v. Viser*, 27 MJ 562 (ACMR 1988).

Appellant has argued that this set of facts suggests only that he and PFC Jaundoo jointly possessed the hashish or that only Jaundoo could be found guilty of the distribution. *See United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977). We reject these arguments. The plain, ordinary construction of Article 112a of the Code requires us to conclude that appellant "delivered" the hashish to his friend, a fact readily admitted by appellant in his guilty pleas. *See United States v. Tuero, supra; United States v. Hill*, 25 MJ 411 (CMA 1988). In any event, the military judge was not asleep at the switch. He recognized that the distribution charge was based upon a technical construction of the statute and that the essence of the offenses was appellant's joint use of the drug with his fellow soldier. In view of the entire record of this guilty-plea case, we conclude that appellant is not entitled to further relief. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN concurs.

Judges CRAWFORD, GIERKE, and WISS, and Senior Judge EVERETT did not participate.