**UNITED STATES**

v.

**Shane MANLEY, Sonar Technician (Surface) Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 98 02195.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 1 Oct. 1998.

Decided 25 Feb. 2000.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

CDR Bruce H. Bokony, JAGC, USNR, Appellate Defense Counsel.

Capt Danny R. Fields, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, TROIDL, Senior Judge, and ROLPH, Appellate Military Judge.

DORMAN, Senior Judge:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of using cocaine, three specifications of distributing cocaine, and two specifications of bringing cocaine on board a military installation with the intent to distribute it. All six specifications violated Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1994). The approved sentence includes confinement for 3 months, forfeiture of $617 pay per month for three months, reduction to pay-grade E–1, and a bad-conduct discharge.

We have carefully reviewed the record of trial, the appellant's two assignments of error,[1] and the Government's response. We

---

1. In his second assignment of error, the appellant alleges error based upon an unreasonable multiplication of charges. We find no merit in the argument, nor a need to discuss it further.

conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

## Distribution and Introduction with the Intent to Distribute

In his first assignment of error, the appellant contends that the military judge erred in accepting the appellant's guilty pleas to the distribution of cocaine, and the "intent to distribute" portion of the specifications alleging the appellant's introduction of cocaine on board a military installation with the intent to distribute it. He bases his argument upon the fact that the appellant distributed the cocaine to individuals who were with him at the time he purchased the illegal drugs. In support of his argument, he relies primarily upon *United States v. Swiderski*, 548 F.2d 445, 450 (2d Cir.1977). Appellant's Brief of 16 June 1999 at 3–7. We are not persuaded that the holding in *Swiderski* should be applied to the facts of the case before us.

*Swiderski* and his fiancée were both convicted of possessing cocaine with the intent to distribute it. Under the facts of that case, when they were apprehended in *Swiderski's* van, the cocaine was in his fiancée's purse. They had earlier purchased the cocaine together. The precise issue resolved in their favor by the United States Court of Appeals for the Second Circuit was "whether a statutory 'transfer' may occur between two individuals in joint possession of a controlled substance simultaneously acquired for their own use." *Swiderski*, 548 F.2d at 449.

In the case before us, the appellant made several trips into Tijuana, Mexico, where he purchased cocaine each time. With respect to Specification 2 of the Charge, the appellant and STG3 Sandoval were in Tijuana, where they jointly purchased a small quantity of cocaine packaged in a small container, about the size of a fingertip. Because of the presence of law enforcement officials in the area, the appellant swallowed the small container of cocaine. A few days later, after the container had passed through his system, the appellant shared the cocaine with Sandoval in

the appellant's barracks room. Record at 34–38.

With respect to Specification 5 of the Charge, in June 1998 the appellant purchased cocaine jointly with STGSR Flanders. He then put the cocaine in his pocket and brought the cocaine back into the United States and onto the base. Once there, they "cut" the cocaine and snorted it. Record at 26, 57–61. At the time he brought it back to the base, the appellant intended to distribute it to Flanders. Record at 59–60. The appellant was not charged with distributing this cocaine to Flanders.

With respect to Specification 6 of the Charge, the appellant, Flanders and another Sailor, STGSR Taylor, were in Tijuana on 3 July 1998. While there, the appellant and Flanders purchased some cocaine and the appellant carried it back to the base. Once there, they all went to Flanders' barracks room where the appellant put the cocaine out on a table and cut it into lines. All three Sailors then snorted a line of cocaine. Record at 47–48. At the time the appellant brought the cocaine on base, he intended to distribute it to both Flanders and Taylor. Record 61–63. The appellant was also convicted of distributing the cocaine to Flanders and Taylor, Specifications 3 and 4 of the Charge.

Seeking to apply *Swiderski* to these facts, the appellant asks that we dismiss Specifications 2, 3, and 4, alleging distribution, and affirm the lesser included offenses of possession. He also asks that we dismiss that portion of Specifications 5 and 6 alleging the intent to distribute. Appellant's Brief of 16 June 1999 at 7. We decline to do so.

While we recognize the similarities in this case to the facts in *Swiderski*, we also note some significant differences. In relation to the distribution to Sandoval (Specification 2), it is obvious to us that any joint possession between the appellant and Sandoval was extinguished at the moment the appellant swallowed the container of cocaine. The distribution did not take place until several days later. With respect to the distribution to Taylor (Specification 3), we note that he did not participate in the purchase of the cocaine in the first place. Thus, he never possessed

the cocaine while in Tijuana. Record at 46, 61. When the appellant returned to base on 3 July 1998, his intent was not merely to distribute the cocaine to Flanders, who had joined him in the purchase, but also to Taylor who had not. Specification 6. The appellant's distribution to Flanders (Specification 4) is the closest factual situation to *Swiderski*.

Our superior court, however, declined a similar invitation to apply the *Swiderski* rationale to a far more compelling set of facts in *United States v. Ratleff*, 34 M.J. 80, 82 (C.M.A.1992). Ratleff was convicted of distributing hashish that belonged to the person he distributed it to. *Ratleff*, 34 M.J. at 81. Accordingly, we reject the appellant's first assignment of error. With respect to all challenged specifications, except Specification 4, *Swiderski* is factually distinguishable. Furthermore, since our superior court has declined to follow *Swiderski*, we will not apply its rationale to the facts of this case.

## Conclusion

The findings and sentence, as approved by the convening authority, are affirmed.

Senior Judge TROIDL and Judge ROLPH concur.