## UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
### Washington, D.C.

### UNITED STATES

### v.

### Kevin A. KASPRZYK
### Fireman (E-3), U.S. Coast Guard

### CGCMS 24376

### Docket No.  1287

### February 5, 2009

Special Court-Martial convened by Commander, Coast Guard Sector New York.  Tried at New York, New York, on 3 April 2007.

| | |
|---|---|
| Military Judge: | CDR Timothy G. Stueve, USCG |
| Trial Counsel: | LT John D. Cashman, USCG |
| Defense Counsel: | LT Allen E. Linken, JAGC, USN |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |

### BEFORE
### McCLELLAND, KANTOR & McGUIRE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of making a false official statement, in violation of Article 107, UCMJ; and one specification each of wrongful use of cocaine, wrongful introduction of cocaine onto an installation used by or under the control of the armed forces, wrongful distribution of cocaine, wrongful use of marijuana, and wrongful distribution of marijuana, all in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to confinement for eight months, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged but suspended all confinement in excess of four months until 8 July 2008, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant has assigned the following four errors:

I.      Appellant should be given credit for his time spent in pretrial restriction because it was restriction tantamount to confinement, and a command representative informed Appellant that he would receive 1-for-2 credit for his time on restriction.

II.     Appellant's plea to Charge I, Specification 1 is improvident because the military judge failed to inquire into contradictory statements made by Appellant as to whether a conspiracy actually existed.

III.     The adjudged sentence of eight months confinement, a bad-conduct discharge, and reduction to E-1 are inappropriately severe in this case, in light of the sentence adjudged to one of Appellant's co-actors, FN Matthew Hazzard.

IV.     The evidence was neither factually nor legally sufficient to sustain the charges for distribution under Charge III, Specifications 3 and 6.

Concerning credit for pretrial restriction, Appellant explicitly waived credit for restriction tantamount to confinement in the pretrial agreement, and, at trial, disavowed any expectation of credit for pretrial restriction notwithstanding having been told when the restriction began that he would receive one day of confinement credit for every two days of restriction.  (Appellate Ex. V at 4; R. at 174-75.)[1]  Therefore, we reject the first issue.[2]

We address the other issues and affirm.

## Providence of conspiracy plea

Appellant pleaded guilty to conspiracy to possess cocaine.  His co-conspirator, SNOS Schatz, drove Appellant's vehicle, with Appellant as passenger, to Harlem to get cocaine from another Coast Guard member.  Appellant contends that this plea of guilty was improvident because he made contradictory statements about whether there was an agreement.  The basis for this contention lies in the following statements by Appellant about the agreement.  When the military judge asked how the agreement was arrived at, he said, "It was a common

---

[1] He also enhanced the power of the idea that the military judge should credit his pretrial restriction in deciding on a sentence, based on the command representative's statement that he would receive such credit.  (R. at 176-77.)

[2] It is true that one day of confinement is considered equivalent to two days of restriction for sentencing purposes. Rule for Courts-Martial (R.C.M.) 1003(b)(5), Manual for Courts-Martial, United States (2005 ed.) (MCM); Coast Guard Military Justice Manual, COMDTINST M5810.1D, paragraph 2.F.2.h.  However, there is no basis for credit against a sentence for pretrial restriction. *See United States v. King*, 58 M.J. 110, 113 n. 2 (C.A.A.F. 2003).

understanding, sir." (R. at 21.) He further stated, "I feel that SNOS Schatz knew why I was going to Harlem without me having to tell her why we were going, and I – there was no real discussion about it, sir, but I think it was just a common understanding that we both knew exactly why we were going." (R. at 24.) When the military judge asked him how he knew they both understood what was to occur, he answered, "Prior to this event happening, I had already been in trouble . . . so SNOS Schatz already knew kind of – like about [the cocaine dealer], and how he kind of lives in Harlem, so there really was no other reason why I would go to Harlem." After two other questions, the military judge asked, "So you had told Schatz that the purpose of your visit was to get cocaine?" and Appellant responded, "Yes, Your Honor." (R. at 28.)

Inherent in Appellant's position is the notion that unless there has been an explicit conversation to establish an agreement, there can be no agreement. He offers no supporting citation for this notion, and it is contrary to the MCM. "The agreement in a conspiracy need not be in any particular form or manifested in any formal words. It is sufficient if the minds of the parties arrive at a common understanding to accomplish the object of the conspiracy. . ." MCM, Pt. IV, ¶ 5.c.(2). Appellant admitted there was a common understanding and provided a factual basis for that admission. The only conflict in Appellant's testimony was between his statements that there was no discussion, only a common understanding, and his final admission, in response to a leading question, that he had told SNOS Schatz that the purpose of the visit was to get cocaine. Neither of these propositions is inconsistent with his plea.

We find no substantial basis in law or fact for questioning the guilty plea. S*ee United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

### Sentence disparity

Appellant urges that his sentence be reconsidered and reassessed in light of the sentence given to one of his co-actors, FN Matthew Hazzard. He stated at trial, in his unsworn statement before sentencing, that FN Hazzard went to a summary court-martial, where he "received 30 days confinement, confinement credit for his time on restriction, and a other than honorable discharge." (R. at 159.) He also stated that FN Hazzard had already been discharged at the time of Appellant's trial. (R. at 158-59.) FN Hazzard is described in the providence inquiry as being

a co-user of cocaine on two of Appellant's three occasions, a co-introducer of cocaine to a military installation on the same two of Appellant's three occasions, and Appellant's distributee of cocaine on the same two occasions. Appellant now adds that FN Hazzard "was involved in the exact same activities as the Appellant, using drugs at Sector NY. In addition, Hazzard was also involved in a physical assault of the Appellant and another Coastguardsman and communicated a threat to several Coastguardsmen." (Assignment of Errors & Brief at 11.)

The Government, in its answer, moved to attach a copy of the record of FN Hazzard's summary court-martial, which was conducted on 1 March 2007. The motion is hereby granted. According to that record, he was convicted, pursuant to his pleas, of one specification each of using cocaine and marijuana on divers occasions. The record contains a stipulation of fact, which states that FN Hazzard used cocaine on three occasions and marijuana on four occasions. One of the cocaine occasions matches one of Appellant's incidents, during which Appellant both used and distributed to FN Hazzard. The other two do not match any incident described in Appellant's providence inquiry, but they did involve Appellant. One of FN Hazzard's marijuana occasions may match Appellant's marijuana use incident. Two of the others also involved Appellant; one of them involved distribution from Appellant. There is nothing in the summary court-martial record about assault or communication of a threat.

When an appellant shows that his or her case is "closely related" to another and where the two sentences are "highly disparate," the Government has the burden to "show there is some rational basis for the disparity." *United States v. Lacy,* 50 M.J. 286, 288 (C.A.A.F. 1999). This Court's "sentence review function . . . is highly discretionary." Sentence comparison is only required "in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *Id.* (quoting *United States v. Ballard,* 20 M.J. 282, 283 (C.M.A. 1985)).

The present pair of cases, like the pair in *United States v. Noble*, 50 M.J. 293 (C.A.A.F. 1999), "involves differences in initial disposition rather than sentence uniformity." *Id.* at 295. For that reason, we are not within the *Lacy* framework. Even if we were, Appellant was convicted of making a false official statement, in addition to distribution of both cocaine and

marijuana, introduction of cocaine to a military installation, and the same type of drug use offenses of which FN Hazzard was convicted. These are not closely related cases. *See United States v. Lind*, 64 M.J. 611, 617 (C.G.Ct.Crim.App. 2007). We are not inclined to engage in sentence comparison in this case. *See United States v. Harris*, 67 M.J. 550 (C.G.Ct.Crim.App. 2008). We find the sentence appropriate.

## The "*Swiderski* Defense" to Distribution

Appellant pleaded guilty to distribution of cocaine to FN Hazzard (Charge III, Specification 3) and distribution of marijuana to SN Zrike (Charge III, Specification 6). According to Appellant's testimony during the providence inquiry, Appellant, FN Hazzard, and a Petty Officer Sullivan drove to Rockaway, where Petty Officer Sullivan left the vehicle and later returned with cocaine in small bags. A second occasion involved the same three people. Petty Officer Sullivan used a key, which he dipped into the cocaine, used some, and passed it to Appellant who used some and passed it to FN Hazzard. (R. at 42-44, 58-59.) Separately, Appellant told SN Zrike about some marijuana he had received, and SN Zrike wanted to smoke it with Appellant, so they drove off-base in Appellant's truck and smoked it together. (R. at 62, 66-67.)

Appellant now argues that his convictions for these two specifications should be set aside. He cites *United States v. Swiderski,* 548 F.2d 445 (2d Cir.1977), for the proposition that when two individuals jointly acquire simultaneous possession of an illegal drug and then exchange the drug between themselves in their personal use of it, neither commits a distribution offense, rather, each commits only a possession offense. The *Swiderski* court was interpreting the Comprehensive Drug Abuse Prevention and Control Act of 1970. Appellant claims the Court of Appeals for the Armed Forces (CAAF) has recognized that the "*Swiderski* defense" is applicable in certain circumstances under the UCMJ, citing *United States v. Hill*, 25 M.J. 411 (C.M.A. 1988) and *United States v. Tuero,* 26 M.J. 106 (C.M.A. 1988).[3]

---

[3] *Tuero* is inaptly cited, as the case takes no position on the *Swiderski* holding, expressly finding its scenario inapplicable where a co-conspirator "first received the drugs, then turned them over to appellant for further distribution, and later received a smaller portion of the cache from appellant as payment for his services." *Id.* at 107.

In *Hill*, the Court of Military Appeals (CMA), CAAF's predecessor court, mentions *Swiderski* as part of the context in which it concludes that under the UCMJ, as with the Comprehensive Drug Abuse Prevention and Control Act of 1970, the lesser punishment authorized for mere possession of drugs compared with distribution indicates that "one who receives drugs for personal use should not be considered as aiding and abetting distribution of the drugs which he has received. Otherwise, prosecutors would be free to obliterate the distinction between possessors and distributors by charging any possessor with aiding and abetting the distribution of the drugs which he has received." *Hill*, 25 M.J. at 413. The court goes on to say, "[I]t would seem that one who has associated himself solely with the buyer is not thereby aiding and abetting the distributor." *Id.* at 414. But the court distinguishes the case at bar and upholds the conviction, as aider and abettor, of one who "associate[s] himself with the purpose of the seller." *Id.* at 414-15.

Although it is fair to say the CMA in *Hill* acknowledged that the *Swiderski* defense may be available under the UCMJ, it placed narrow limits on that defense in *United States v. Ratleff*, 34 M.J. 80 (C.M.A. 1992). In that case, the appellant "took possession of the hashish while it was in its container, ripped open the container, retrieved the hashish, and handed it to Private First Class Jaundoo," who had given him the container. "Given this set of facts, appellant, by passing the hashish to Private First Class Jaundoo, is guilty of distribution." *Id.* at 81-82. In short, sequential possession by two people close in time does not readily become joint or simultaneous possession so as to invoke the *Swiderski* defense.

We find *Ratleff* instructive as we evaluate the cocaine distribution, where Petty Officer Sullivan passed the cocaine to Appellant, who passed it to FN Hazzard. There is no reason to set aside Appellant's conviction for this distribution.

There is even less reason to set aside Appellant's conviction for the distribution of marijuana to Zrike. Appellant had sole possession of the marijuana until he and SN Zrike drove off-base and commenced to smoke it. This is not remotely like the facts in *Swiderski*.

In *Ratleff*, CMA noted with approval the military judge's statement at trial that on sentencing, he would consider the distribution not as a distribution, but simply as a use with another soldier. *Id.* at 81, 82. The military judge in our case said no such thing. Nevertheless, we believe that he would have arrived at the same sentence in the absence of the conviction for cocaine distribution.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges KANTOR and MCGUIRE concur.

For the Court,


Ryan M. Gray
Clerk of the Court
