# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## John F. SULLIVAN,
### Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMG 0239

## Docket No. 1293

## March 26, 2009

General Court-Martial convened by Commander, First Coast Guard District. Tried at New York, New York, on 19 June 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LTJG John D. Cashman, USCGR |
| Civilian Defense Counsel: | Jay Torrenzano, Esquire |
| Detailed Defense Counsel: | LTJG Eric Nelson, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Ted R. Fowles, USCG |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, KANTOR & LODGE
### Appellate Military Judges

LODGE, Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of false official statement, in violation of Article 107, UCMJ ; one specification of wrongfully distributing cocaine and two specifications of wrongfully using cocaine, all in violation of Article 112a, UCMJ; two specifications of larceny, in violation of Article 121, UCMJ; and one specification of violating 18 U.S.C. § 922(j) by selling a stolen firearm transported in interstate commerce, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for seven months,

reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement did not affect the sentence.

Before this Court, Appellant has assigned as error (1) that Appellant was prejudiced by the misstatement, in the Staff Judge Advocate's recommendation and the promulgating order, of the findings with respect to Specification 3 under Charge V; and (2) that the evidence was neither factually nor legally sufficient to sustain the charges for distribution under Additional Charge I, Specification 1.

## Staff Judge Advocate's Recommendation

Appellant asserts that he was prejudiced by a misstatement in the staff judge advocate's recommendation (SJAR). While we agree that the staff judge advocate's error was plain and obvious, we find no prejudice.

The SJAR and the promulgating order state that Appellant pled guilty to and was found guilty of Charge V, Specification 3. Appellant, however, pled not guilty to this Specification. (R. at 14). Specification 3 of Charge V was withdrawn based on a general discussion between the military judge and trial counsel at the conclusion of the trial, consistent with the terms of the pretrial agreement. (R. at 149-150). The Government agrees that the promulgating order contains the error noted by Appellant and concurs in our ordering its correction. However, the Government disagrees that the SJAR error prejudiced Appellant.

If defense counsel does not make a timely comment on an omission in the SJAR, the error is waived unless it is prejudicial under a plain error analysis. Rules for Court-Martial (R.C.M.) 1106(f)(6), Manual for Courts-Martial (MCM), United States, (2005 ed.); *United States v. Capers*, 62 M.J. 268, 269 (C.A.A.F.2005) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F.2005) and *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F.2000)). To prevail under a plain error analysis, Appellant must show: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Kho*, 54 M.J. at 65 (citing *United States v. Finster*, 51 M.J. 185, 187 (C.A.A.F.1999)). The third element is satisfied if Appellant

makes "some colorable showing of possible prejudice." *Id*. (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F.1998)). This low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the highly discretionary nature of the Convening Authority's action on the sentence.

While the threshold is low, there must be some colorable showing of possible prejudice. *Id.* Taking the record as whole, we are not persuaded that Appellant has made the required showing. The SJAR erroneously stated that Appellant pled guilty to the specification of violating Article 134, UCMJ relating to his possession of a stolen firearm. The SJAR, on the other hand, correctly noted that Appellant pled guilty to specification 4 of the same charge, selling a stolen firearm that had been shipped or transported in interstate or foreign commerce. More significantly, Appellant pled guilty to violations of Articles 86, 107, 112a (four specifications), 121 (two specifications), and 134 (relating to wrongfully endeavoring to impede a CGIS investigation).

Given the nature of the convictions that were properly reported and the sentence imposed, we do not believe there was even a remote possibility that the Convening Authority would have acted differently. Appellant, therefore, has not shown the required prejudice, and his previous waiver of the issue stands.

## The "*Swiderski* Defense" to Distribution

Appellant pleaded guilty to distribution of cocaine to FN Hazzard or FN Kasprzyk (Additional Charge I, Specification 1). According to Appellant's testimony during the providence inquiry, Appellant, FN Hazzard, and FN Kasprzyk drove to Rockaway, where Appellant left the vehicle and later returned with cocaine in small bags. The three members subsequently used the cocaine in Appellant's apartment. (R. at 32, 52-54.)

Appellant now argues that his convictions for this specification should be set aside. He cites *United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977), for the proposition that when two individuals jointly acquire simultaneous possession of an illegal drug and then exchange the drug between themselves in their personal use of it, neither commits a distribution offense, rather,

each commits only a possession offense.  The *Swiderski* court was interpreting the
Comprehensive Drug Abuse Prevention and Control Act of 1970.  *Id.* at 449.  Appellant claims
the Court of Appeals for the Armed Forces (CAAF) has recognized that the "*Swiderski* defense"
is applicable in certain circumstances under the UCMJ, citing *United States v. Hill*, 25 M.J. 411
(C.M.A. 1988) and *United States v. Tuero*, 26 M.J. 106 (C.M.A. 1988).[1]

In *Hill*, the Court of Military Appeals (CMA), CAAF's predecessor court, mentions
*Swiderski* as part of the context in which it concludes that under the UCMJ, as with the
Comprehensive Drug Abuse Prevention and Control Act of 1970, the lesser punishment
authorized for mere possession of drugs compared with distribution indicates that "one who
receives drugs for personal use should not be considered as aiding and abetting distribution of
the drugs which he has received.  Otherwise, prosecutors would be free to obliterate the
distinction between possessors and distributors by charging any possessor with aiding and
abetting the distribution of the drugs which he has received."  *Hill*, 25 M.J. at 413.  The court
goes on to say, "[I]t would seem that one who has associated himself solely with the buyer is not
thereby aiding and abetting the distributor."  *Id.* at 414.  But the court distinguishes the case at
bar and upholds the conviction, as aider and abettor, of one who "associate[s] himself with the
purpose of the seller."  *Id.* at 414-15.

Although it is fair to say the CMA in *Hill* acknowledged that the *Swiderski* defense may
be available under the UCMJ, it placed narrow limits on that defense in *United States v. Ratleff*,
34 M.J. 80 (C.M.A. 1992).  In that case, the appellant "took possession of the hashish while it
was in its container, ripped open the container, retrieved the hashish, and handed it to Private
First Class Jaundoo," who had given him the container.  "Given this set of facts, appellant, by
passing the hashish to Private First Class Jaundoo, is guilty of distribution."  *Id.* at 81-82.  In
short, sequential possession by two people close in time does not readily become joint or
simultaneous possession so as to invoke the *Swiderski* defense.

---

[1] *Tuero* is inaptly cited, as the case takes no position on the *Swiderski* holding, expressly finding its scenario
inapplicable where a co-conspirator "first received the drugs, then turned them over to appellant for further
distribution, and later received a smaller portion of the cache from appellant as payment for his services."  *Id.* at 107.

We find *Ratleff* instructive as we evaluate the cocaine distribution, where Appellant consummated the purchase of cocaine alone, and then, upon returning to FN Kasprzyk's car, distributed the drugs to FN Kasprzyk or FN Hazzard. There is no reason to set aside Appellant's conviction for this distribution.

In *Ratleff*, CMA noted with approval the military judge's statement at trial that on sentencing, he would consider the distribution not as a distribution, but simply as a use with another soldier. *Id.* at 81, 82. The military judge in our case said the distribution was multiplicious for sentencing, rendering the maximum sentence fifteen years (the maximum for an offense of distribution) for the three cocaine specifications of which Appellant was found guilty ("the maximum penalty for Additional Charge I is going to be 15 years confinement"). (R. at 7.) Considering the low sentence adjudged, we are certain that the military judge would have arrived at the same sentence in the absence of the conviction for cocaine distribution.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. A supplemental promulgating order shall be issued by the Convening Authority to correct the error noted by Appellant and the Government.

Chief Judge McCLELLAND and Judge KANTOR concur.



For the Court,


Ryan M. Gray
Clerk of the Court